By the. Court :
When the court is requested to instruct the jury upon a matter in regard to which there is no testimony, the request ought to be rejected. This was the difficulty with the first prayer requested by defendant’s counsel, and as the record fails to disclose any evidence to which it could be applied, we think it was properly refused.
Whether the second instruction ought to have been refused, or given as qualified by the court, depends upon the evidence in regard to the consent of the plaintiff’s employers, that he might continue to carry on his business as an agent for the sale of milling machinery and apparatus. When he was first employed by Haxall, Crensbaw & Co., he was engaged in that business, and he introduced evidence at the trial to show that he reserved the right to continue the same on his own account, notwithstanding his employment by that firm. On the other hand, the defendants introduced evidence to show that Haxall, Crenshaw & Co. knew nothing about his agency, or that he was interested in the sale of the machine in question. Here was clearly a conflict of testimony to be submitted to the determination of the jury. And this was just what the instruction as qualified did. It may be conceded that an agent or servant who is employed at a fixed salary cannot be interested in the profits to be made out of articles which he sells to his employers. Tet if the latter knew of *484 his interest when they made the purchase, the vendors certainly have no reason to complain, nor have they any right to escape from their contract to remunerate him. The instruction as qualified embodies this principle and was properly given to the jury.
New trial denied.